IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NATIONAL WILDLIFE FEDERATION, IDAHO WILDLIFE FEDERATION, WASHINGTON WILDLIFE FEDERATION, SIERRA CLUB, TROUT UNLIMITED, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, INSTITUTE FOR FISHERIES RESOURCES, IDAHO RIVERS UNITED, IDAHO STEELHEAD AND SALMON UNITED, NORTHWEST SPORTFISHING INDUSTRY ASSOCIATION, SALMON FOR ALL, COLUMBIA RIVERKEEPER, AMERICAN RIVERS, INC., FEDERATION OF FLY FISHERS, and NW ENERGY COALITION, | CV 01-640-RE (Lead Case) CV 05-23-RE (Consolidated Cases) OPINION AND ORDER |

                Plaintiffs,

  and

STATE OF OREGON,

                Intervenor-Plaintiff,

      vs.

NATIONAL MARINE FISHERIES SERVICE, U.S. ARMY CORPS OF ENGINEERS, and U.S. BUREAU OF RECLAMATION,

1 - OPINION AND ORDER

Defendants,

and

STATE OF IDAHO, NORTHWEST IRRIGATION
UTILITIES, PUBLIC POWER COUNCIL,
WASHINGTON STATE FARM BUREAU
FEDERATION, FRANKLIN COUNTY FARM
BUREAU FEDERATION, GRANT COUNTY FARM
BUREAU FEDERATION, NORTHWEST
REQUIREMENT UTILITIES, PACIFIC
NORTHWEST GENERATING COOPERATIVES,
INDUSTRIAL CUSTOMERS OF NORTHWEST
UTILITIES, ALCOA, INC., and INTERNATIONAL
ASSOCIATION OF MACHINISTS & AEROSPACE
WORKERS,

Intervenor-Defendants.
_____

COLUMBIA SNAKE RIVER IRRIGATORS
ASSOCIATION and EASTERN OREGON
IRRIGATORS ASSOCIATION

Plaintiffs,

vs.

CARLOS M. GUTIERREZ, in his official capacity
as Secretary of Commerce, NOAA
FISHERIES, and D. ROBERT LOHN,
in his official capacity as Regional Director
of NOAA Fisheries,

Defendants.

REDDEN, Judge:

The matter before the court is defendants' request in CV 01-640-RE for posting of security bond (doc. 1021) in the amount of $50 million as a condition to the enforcement of the injunction entered by this court in favor of plaintiffs (NWF) on June 10, 2005. For the following reasons, I **DENY** defendants' motion.

On May 26, 2005, I granted the motions for summary judgment filed by NWF and the State of Oregon to invalidate the 2004BiOp issued by defendant National Marine Fisheries Service (NOAA) to defendants Army Corps of Engineers (the Corps) and Bureau of Reclamation (BOR) because the 2004BiOp was arbitrary and capricious and contrary to the provisions of the Endangered Species Act (ESA).

On June 10, 2005, I granted in part NWF's motion for an injunction requiring the Corps and BOR to:

(1)  Provide spill from June 20, 2005, through August 31, 2005, of all water in excess of that required for station service, on a 24-hour basis, at the Lower Granite, Little Goose, Lower Monumental, and Ice Harbor Dams on the lower Snake River; and

(2)  Provide spill from July 1, 2005, through August 31, 2005, of all flows above 50,000 cfs, on a 24-hour basis, at the McNary Dam on the Columbia River.

I reserved a ruling on the amount, if any, of a security bond to be posted by plaintiffs.

Defendants now request the court to require NWF to post a $50 million bond as security against any harm to listed species or economic loss to the "federal government" that may occur as a result of actions taken by the Corps and BOR to comply with the injunction.

## STANDARDS FOR IMPOSITION OF INJUNCTION BOND

"Special precautions to ensure access to the courts must be taken where Congress has provided for private enforcement of a statute." California ex rel Van De Kamp v. Tahoe Regional Planning Agency, 766 F.2d 1319, 1325-26 (9th Cir. 1985).  In enacting the ESA, Congress has expressly defined the public interest involved in

3   - OPINION AND ORDER

preserving endangered species, and has, therefore, provided for private enforcement of the ESA by citizen suits. 16 U.S.C. §§ 1531(a)-(c) and 1540(g). Where the public interest is involved, "the court has greater power to fashion equitable relief in defense of the public interest than it has when only private interests are involved. Id. Accordingly, "[t]he court has discretion to dispense with [a] security requirement [as a condition to ordering injunctive relief] or to request mere nominal security, where requiring security would effectively deny access to judicial review." Id. See also, Save Our Sonoran v. Flowers, 381 F.3d 905, 915-16 (9th Cir. 2004), amended and superceded, 2005 WL 1229750 *11 (9th Cir. May 25, 2005)(The court has a "long standing precedent that requiring nominal bonds is perfectly proper in public interest litigation.").

## DISCUSSION

Defendants assert (1) a bond must issue with a preliminary injunction, (2) the injunctive relief will cause significant harm to Snake River Fall Chinook and to the Federal Treasury, and (3) a bond of $50 million will not preclude NWF from seeking judicial review. I disagree with defendants on all counts.

As noted, the Ninth Circuit does not require a bond as a condition to the enforcement of injunctive relief where the plaintiffs obtained the injunction in the public interest. The court finds NWF obtained the injunction I have ordered in this case in the public interest.

Next, defendants have not established the summer spill I have ordered will harm fall chinook. To the contrary, I specifically found the "injunction is necessary to avoid irreparable harm to juvenile fall chinook and other listed species." See Opinion and Order, June 10, 2005, p. 10.

4 - OPINION AND ORDER

In addition, I find defendants' assertion that imposition of the bond requested is required in order to protect against harm to the Federal Treasury has no merit. The "harm" claimed by defendants is the loss of revenue to the Bonneville Power Administration (BPA), and increased rates charged to BPA customers for electricity, because of decreased power generation caused by the additional summer spill required by the court's injunction. Injunction bonds, however, may be required to cover only "the costs and damages as may be incurred or suffered <u>by any party who is found to have been wrongfully enjoined or restrained</u>." Fed. R. Civ. P. 65(c)(emphasis added). BPA is not a party to this action. In addition, although BPA customers have intervened in this action, they have not been restrained or enjoined by the court in any manner. Accordingly, I find that defendants have not presented any evidence that the injunction will result in financial harm to any party who has been restrained or enjoined in this action.

Finally, I reject defendants' contention that the imposition of a $50 million bond will not preclude NWF from seeking judicial review. The various public interest groups comprising NWF in this case are parties to multiple actions. In most of those actions, injunctive relief is the primary weapon available to insure the environmental laws of the United States are carried out as intended by Congress. The imposition of a substantial bond in such private enforcement actions would be a severe and unwarranted deterrent to the maintenance of such actions.

Accordingly, I find that defendants have failed to establish there is any basis for this court to impose any bond, and the court declines to do so.

## **CONCLUSION**

For these reasons, the court **DENIES** defendants' request for posting security bond (doc. 1021).

IT IS SO ORDERED.

DATED this 17th day of June, 2005.

        /S/ James A. Redden
        James A. Redden
        United States District Judge